```
                   UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF FLORIDA
                         TAMPA DIVISION

THE PRUDENTIAL INSURANCE COMPANY
OF AMERICA,

         Plaintiff,
v.                                   Case No.  8:12-cv-2535-T-33MAP

WESLEY PLEMONS and CATIE L.
OVERLY,

         Defendants.
_____/
```

### ORDER

This matter is before the Court pursuant to The Prudential Insurance Company's Motion for Interpleader Relief (Doc. # 13), filed on March 22, 2013. For the reasons that follow, the Motion is granted.

### Discussion

Prudential is a disinterested stakeholder that claims no beneficial interest in the funds that are the subject of this action: a $10,000 Death Benefit due, as a consequence of the death of Gabriel Plemons, under a group life insurance policy bearing policy number G-32000, issued by Prudential to the Department of Veterans Affairs pursuant to the Servicemembers' Group Life Insurance statue, 38 U.S.C. § 1965, et seq. (Doc. # 13 at 1). On or about March 30, 2012, Defendant Catie Overly, the decedent's mother, submitted a claim to the Death Benefit. (Id. at 4; Silva Cert. Doc. # 13-1 at ¶¶ 8, 14; Doc.

# 13-1 at 9-10). On or about June 18, 2012, Defendant Wesley Plemons submitted a claim to the Death Benefit, along with a sworn statement that the decedent was his son. (Doc. # 13 at 4; Silva Cert. Doc. # 13-1 at ¶ 15; Doc. # 13-1 at 5, 12-13).

"Prudential does not dispute that the Death Benefit is owed, but it is subject to double liability due to the Defendants' adverse claims." (Doc. # 13 at 1). Accordingly, Prudential seeks to transfer the Death Benefit funds into the Court's Registry.

The Court permits Prudential to transfer the funds, together with applicable claim interest, if any, into the Registry of the Court. The Clerk is directed to deposit the funds into a special interest bearing account as provided by Local Rule 4.16(a), M.D. Fla. After Prudential deposits the funds into the Registry of the Court, Prudential will be discharged from any and all liability to the Defendants and will be dismissed as a party from this case. Once such funds have been so transferred, the Defendants are directed to interplead their respective rights to the Death Benefit and are barred from commencing or prosecuting any other action against Prudential relating to the disputed proceeds.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

The Prudential Insurance Company's Motion for Interpleader Relief (Doc. # 13) is **GRANTED AS FOLLOWS:**

(A) Prudential shall deposit the disputed proceeds that are the subject of the complaint, and any applicable interest, into the Registry of the Court.

(B) The Clerk is directed to deposit the funds into a special interest bearing account as provided by Local Rule 4.16(a), M.D. Fla.

(C) Prudential shall thereafter be discharged from any and all liability or responsibility concerning the disputed proceeds.

(D) After Prudential deposits the disputed proceeds into the Registry of the Court, the Clerk is directed to dismiss Prudential as a party to this action.

(E) Final disposition as to the disputed proceeds shall be determined by subsequent order of the Court.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 25th day of March, 2013.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel and Parties of Record