UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA,

    Plaintiff,
v.                              Case No. 8:12-cv-2535-T-33MAP

WESLEY PLEMONS and
CATIE L. OVERLY,

    Defendants.
_____/

**ORDER**

On April 5, 2013, the Court directed *pro se* Defendant Wesley Plemons to file an Answer or an Objection with the Court on or before May 6, 2013. (Doc. # 17). No Objection or Answer has been filed. Accordingly, upon due consideration and for the reasons stated below, the Court awards the funds placed into the Registry of the Court by the Prudential Insurance Company of America in this case to Catie L. Overly.

**Discussion**

The Prudential Insurance Company of America, through the Office of Servicemember's Group Life Insurance, provided group life insurance benefits to the Department of Veterans Affairs under group policy number G-32000 ("SGLI Policy"). (Doc. # 1 at ¶ 6). In its Interpleader Complaint,

Prudential states that a member's child is automatically covered by the policy in the amount of $10,000. (Id. at ¶ 15). A child cannot be insured by more than one servicemember. (Id. at ¶ 17). Prudential claims that both Plemons and Overly became insured members under the SGLI Policy. (Id. at ¶¶ 9, 10).

Catie Overly gave birth to Gabriel on August 4, 2011. (Id. at ¶ 11; Doc. # 8 at ¶ 11). Prudential claims that "[a]t all times relevant, Gabriel was insured for $10,000 under SGLI for Family Coverage." (Doc. # 1 at ¶ 19). Overly states that Plemons "was thought to possibly be the father," but she is not certain of that fact; Overly also notes that Plemons is not on Gabriel's birth certificate. (Doc. # 8 at ¶ 3).

Gabriel passed away in October 2011. (Doc. # 1 at ¶ 20). Overly submitted a Claim for Family Coverage Death Benefits in March 2012. (Doc. # 1-4). Plemons submitted a Claim for Family Coverage Death Benefits in June 2012. (Doc. # 1-5). When Plemons submitted his claim, he also signed a sworn statement stating that Gabriel was his son. (Doc. # 1-2).

Prudential filed this lawsuit on November 8, 2012, stating that it was ready to pay the Death Benefit but

2

could not determine to whom the benefit should be distributed. (Doc. # 1 at ¶ 24). Overly filed an Answer to Prudential's Complaint with the Court on December 26, 2012. (Doc. # 8). Although a summons was issued as to Plemons, he failed to appear at meetings the process server set to serve him over a two month period, and when Plemons eventually attend a meeting on January 16, 2013, Plemons refused service. (Doc. # 9 at ¶ 2; Doc. # 9-1). As such, Prudential moved the Court to allow service by publication, to grant an extension of time to serve Plemons, and to extend the deadline for the Case Management Conference. (Doc. # 9). The Court granted Prudential's Motion (Doc. # 10) and, accordingly, a Notice of Publication ran in the Stewart Webster Journal Patriot Citizen newspaper once a week for four consecutive weeks. (Doc. # 12).

Prudential placed $10,071.95 into the Registry of the Court (Doc. # 15), and was accordingly dismissed from this action on April 5, 2013 (Doc. # 16). As such, the Court will now disperse the money as it finds appropriate.

On April 5, 2013, the Court entered an Order directing Plemons to file an Answer or an Objection with the Court on or before May 6, 2013. (Doc. # 17). The Court stated, "In the absence of a response from Plemons, the Court will be

inclined to determine that he has waived his claim to the proceeds." (Id. at 3). Furthermore, the Court specified, "If Plemons does not file an Answer or Objection with the Court by [May 6, 2013], the Court will be inclined to enter an Order giving all of the money Prudential has placed in the Registry of Court to Catie L. Overly." (Id. at 3-4). The Court directed the Clerk to "mail [the] Order to Wesley Plemons at his last known address, which appears to be 12 Lavoie Court, Ft. Benning, GA 31905." (Id. at 4).

As of the date of this Order, Plemons has filed no Answer or Objection with the Court. As such, the Court determines that Plemons has waived his claim to the proceeds. Therefore, the Court directs the Clerk to disburse the funds in the Registry of the Court in this case to Catie L. Overly in their entirety, leaving no sum on deposit.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The Clerk is directed to disburse to Catie L. Overly all funds in the Registry of the Court in this case, leaving no sum on deposit.

(2) After disbursement has been effected, the Clerk is directed to **CLOSE** this case.

4

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>15th</u> day of May, 2013.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE


Copies:   All Parties of Record